John WELSH

v.

UNIVERSAL FASTENERS, INC., and
The Yasuda Fire and Marine
Insurance Company.

Supreme Court of Tennessee,
Special Workers' Compensation
Appeals Panel.

Nov. 28, 2000.

Christopher L. Dunn, Columbia, TN, for appellant, John Welsh.

Delicia R. Bryant, Brewer, Krause & Brooks, Nashville, TN, for appellees, Universal Fasteners, Inc., and The Yasuda Fire and Marine Insurance Company.

### JUDGMENT

PER CURIAM.

This case is before the Court upon John Welsh's motion for review pursuant to Tenn.Code Ann. § 50–6–225(e)(5)(B), the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Memorandum Opinion setting forth its findings of fact and conclusions of law, which are incorporated herein by reference;

Whereupon, it appears to the Court that the motion for review is not well-taken and should be DENIED; and

It is, therefore, ordered that the Panel's findings of fact and conclusions of law are adopted and affirmed, and the decision of the Panel is made the judgment of the Court. The Court further recommends that the Special Workers' Compensation Appeals Panel opinion be published.

Costs will be assessed to John Welsh for which execution may issue if necessary.

DROWOTA, J., not participating.

## MEMORANDUM OPINION

TURNBULL, Sp.J., delivered the opinion of court, in which DROWOTA, J., and LOSER, Sp.J., joined.

This workers' compensation appeal has been referred to the Special Workers' Compensation Appeals Panel in accordance with Tenn.Code Ann. § 50–6–225(e)(3) for hearing and reporting of findings of fact and conclusions of law. The employee contends the trial court erred in granting the employers motion for summary judgment on grounds that the claim was barred by the statute of limitations. We conclude that the running of the one year statute of limitations was tolled from the time the employee requested assistance of the Department of Labor until his claim for medical benefits was rejected by the claims specialist.

### Facts

The thirty year old employee, Welsh, is a high school graduate with a work history of manufacturing line employment. He began working for his employer, Universal Fasteners, Inc., in March of 1989, and continues to work there.

In the spring of 1996, the employee began experiencing pain in his right shoulder. From September of 1991 until September of 1996, he worked on Universal's plating line. This task required repetitive scooping liquid material [slugs] in one or two gallon buckets weighing between ten and sixty pounds. The task was repeated six times during each seven and one-half minute plating cycle throughout the work day. The pain in employee's shoulder progressed during the summer of 1996, ultimately causing him to report his injury to his employer on September 26, 1996. Welsh then went to Dr. Michael Pagnani who diagnosed bicipital tendinitis with a spur projecting from the under surface of the right acromion and recommended limi-

tation of upper extremity work, and discussed the possibility of rotator cuff surgery if pain persisted. Dr. Pagnani was equivocal as to whether the injury resulted from employment. After initially paying medical expenses, the Yasuda Fire and Marine Insurance Company denied Welch's claim for medical benefits and filed a notice of controversy on November 4, 1996. Yasuda's last voluntary medical payment occurred on November 27, 1996.

On November 18, 1996, the employee contacted the Tennessee Department of Labor and requested review of Yasuda's denial of benefits. The record does not contain the entire Department of Labor file, but does indicate the first claim specialist assigned to the case made an investigation and wrote for a medical report on April 23, 1997. Due to change of personnel, a new claim specialist was assigned in the summer of 1997, and on August 8, 1997, she wrote Yasuda and Welsh indicating she found "the medical evidence supports that Mr. Welsh suffers from a compensable work related injury," and stated her position "medical coverage for this claim should be reinstated and recommended courses of treatment ... should be followed." However, on September 19, 1997, the specialist reversed her finding and stated in a letter to Mr. Welsh:

"I cannot justify ordering medical and/or lost time benefits in this case. Mine is not the final word however, and you may bring your dispute before a court of proper jurisdiction. You do not have an unlimited time to do so. Tenn.Code Ann., Section 50–6–203 sets a one year statute of limitations to bring a suit for compensation. You may wish to seek legal counsel to properly preserve your legal rights."

The employee retained counsel in January of 1998, and filed suit February 3,

1998. The employee has not missed any work due to his injury, but did make a contingent claim for temporary total and permanent disability benefits in his filed complaint.

From the above summarized evidence, the chancellor found no dispute as to any genuine issue of material fact and concluded that Welsh failed to file his complaint within one year from the date of last voluntary payment of medical expenses on November 27, 1996. At the hearing on motion for summary judgment, trial counsel failed to cite or advise the chancellor of the provision of Tenn.Code Ann. section 50–6–203[b] which suspends the running of the one year statute of limitations "from the date of the initial request for a benefit review conference until thirty [30] days after either a written agreement or a written report is filed with the commissioner pursuant to sec. 50–6–240."

### The Issues on Appeal

The controlling issues on appeal are:

■ Whether a request for assistance submitted to the Tennessee Department of Labor tolls the statute of limitations pending the state's decision and/or action?

■ If so, do the facts in the record create a dispute as to a genuine issue of material fact?

Our review of questions of law, as presented here, is *de novo* with no presumption of correctness. *Perry v. Sentry Ins. Co.,* 938 S.W.2d 404 (Tenn.1996). On motion for summary judgment, the trial court must deny the motion unless there is no dispute as to any genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Byrd v. Hall,* 847 S.W.2d 208 (Tenn.1993) The Supreme

Court "continues to take a dim view of the use of summary judgment in workers compensation cases" in which "summary judgment is almost never an option ..." *Byrd, Id.* at page 210, n. 1.

### Tolling of the Statute of Limitations

■ We have not been cited, nor have we found any Tennessee case construing the issue, but an analysis of the code and applicable rules will be instructive. Tenn. Code Ann. section 50–6–203[b] delineates limitations on workers compensation actions and modifies the general statutory period as set out in section 50–6–224[1]. Tenn.Code Ann. section 50–6–203[b] suspends "the running of the one-year limitation period ... from the date of the *initial request for a benefit review conference*[1] until thirty [30] days after either a written agreement or a written report is filed with the commissioner pursuant to section 50–6–240." [emphasis added] This report is required to include "A statement of each issue raised but not agreed upon." Tenn. Code Ann. section 50–6–240[b][2].

An overview of the purposes and duties of the workers compensation specialist as set out in Tenn.Code Ann. sections 50–6–236–50–6–240 gives light to the issue under consideration, e.g., what amounts to an "initial request for a benefit review conference"? The specialist program is established to "assist injured or disabled employees ... in protecting their rights and obtaining information available under workers compensation laws." Tenn.Code Ann. section 236[a]. Specialists "shall conduct benefit review conferences" Tenn. Code Ann. section 236[f]; "meet with or otherwise provide information to or receive information from injured or disabled employees, employers, insurance carriers and

---

1. Tenn.Code Ann. Section 50–6–239[c][4] provides that "in all cases where the parties have any issues in dispute, the parties shall request the department to hold a benefit review conference." This provision applies to all injuries occurring on and after January 1, 1997.

health care providers on behalf of injured or disabled employees." Tenn.Code Ann. section 236[b]; and may order the initiation, continuation and/or reinstitution of temporary total disability benefits or medical benefits. Tenn.Code Ann. section 238[a] A benefit review conference is a nonadversarial, informal dispute resolution proceeding designed to:

■ Explain, orally and in writing, the rights of the respective parties to a workers' compensation claim and the procedures necessary to protect those rights;

■ Discuss the facts of the claim, review available information in order to evaluate the claim, and delineate the disputed issues;

■ Mediate and resolve disputed issues by mutual agreement of the parties in accordance with this chapter and the policies of the commissioner;

■ Provide an opportunity for, but not to compel, a binding settlement of some or all of the issues present at the time;

■ Facilitate the resolution of issues without the expense of litigation or attorneys' fees for either party; and

■ Determine, under any proposed settlement, whether any employee is receiving, substantially, the benefits provided by the workers' compensation law. Tenn.Code Ann. section 50–6–237[a].

The Tennessee Department of Labor, Division of Workers Compensation has adopted Worker's Compensation Benefit Review Conference and Mediation Rules pursuant to Tenn.Code Ann. section 50–6–239[c][1] [1992]. Tenn.Comp.R. & Reg. r. 0800–2–5–01 empowers any party to contact the workers compensation division to obtain information about rights and obligations under the Workers' Compensation Laws. Tenn. Comp. R. & Reg. r. 088–2–5–.02[10] defines request for assistance as follows: "Request for assistance is a re-

quest for a benefit review conference." Such a "request for assistance" may be made "orally or in writing" Tenn. Comp. R. & Reg. r. 0800–2–5.03[1].

From the record in this case, sparse though it may be, the following facts are supported by material evidence:

1. The employee made a "request for assistance" to the Department of Labor on November 18, 1996.

2. Both the employer and insurer described the employee's request to the Department of Labor as a "request for assistance" in their statement of undisputed facts submitted to the chancellor.

3. The specialist investigated, sought medical reports, considered, allowed and later rejected the claim for medical benefits.

4. The specialist in her letter and report of September 19, 1997 finally declined to order medical benefits and warned the employee of the one-year statute of limitations.

■ A reading of the law which establishes the system of claims specialists, benefit review conferences, and informal early resolution of claims reveals a clear legislative intent to encourage injured workers to seek relief for their work-related injury disputes without the absolute necessity of employing expensive legal counsel. Our holding that a request for assistance of the Department of Labor suspends the statute of limitations will further that policy and help assure that unrepresented injured workers will not be taken advantage of while seeking the assistance of the claim specialist.

We conclude that the statute of limitations was suspended or tolled during the period of time between the "request for assistance" which amounted to a request for a benefit review conference on Novem-

ber 18, 1996, and the date the employee's claim was denied on September 19, 1997. Therefore, the period for filing his suit for workers compensation medical benefits was extended an additional ten months and one day. The record before us demonstrates a dispute as to a genuine issue of material fact, making summary judgment inappropriate.

Accordingly, the summary judgment is reversed and the case is remanded to the chancery court of Hickman County for a full hearing on the issues, including whether the action was timely filed.

The costs on appeal are assessed to the appellees.