ANDERSON, DROWOTA, REID and WHITE, JJ., concur in Brown and Denton.

Vickie SWEETEN, Plaintiff–Appellee,

v.

TRADE ENVELOPES, INC. and Continental Casualty Company, Defendants–Appellees,

and

Larry Brinton, Jr., Director, Workers Compensation Division, Tennessee Department of Labor, Second Injury Fund, Defendant–Appellant.

Supreme Court of Tennessee, at Nashville.

Dec. 23, 1996.

---

Russell D. Hedges, Moore & Hedges, Tullahoma, for Plaintiff–Appellee.

Terry L. Hill, Laurenn S. Disspayne, Manier, Herod, Hollabaugh & Smith, Nashville, for Defendants–Appellees.

Hartford Casualty Insurance Company, Blakeley D. Matthews, Leigh A. Buckley, Cornelius & Collins, Nashville, for Amicus Curiae.

Charles W. Burson, Attorney General and Reporter, Dianne Stamey Dycus, Senior Counsel, Attorney General's Office, Nashville, for Defendant–Appellant.

## OPINION

REID, Justice.

The director of the Workers' Compensation Division of the Tennessee Department of Labor, as trustee for the Second Injury Fund (Second Injury Fund), appeals from the decision of the trial court. That court approved, over the objection of the Second Injury Fund, a settlement agreement between the employee, Vicki Sweeten; the employer, Trade Envelopes, Inc.; and the employer's insurer, Continental Casualty Co., limiting the employer's liability to benefits for 300 weeks. Subsequently at trial, the trial court found the employee to be totally and permanently disabled and held the Second Injury Fund liable for benefits continuing from the expiration of the 300 weeks until the employee should become 65 years of age. Because the court erred in approving the settlement over the objection of the Second Injury Fund, both judgments are set aside, and the case is remanded for a new trial on all issues.

## THE CASE

The employee received a court approved permanent partial disability award of 25 percent to the body as a whole as the result of a back injury sustained in the course and scope of her employment by the employer in May 1992. Subsequently, the employee sustained two additional compensable injuries, carpal tunnel syndrome in both wrists and a herniated cervical disc, for which she claims benefits in this proceeding.

Prior to trial, the employer and its insurance carrier entered into an agreement with the employee whereby the employee agreed to accept a lump sum of $69,999 in full settlement of her claims against the employer and its insurer for permanent disability. The trial court, over the objection of the Second Injury Fund, approved the settlement. The court's order recited that $69,999 is "equal to or greater than the compensation which would be due the plaintiff employee for a 75 percent permanent partial disability and loss of use of her whole body in accordance with the terms and provisions of the Workers' Compensation Law of the State of Tennessee," and, further, "the parties ... are not representing to the court that this is the full

extent of the injuries" sustained, but only "the full extent of the liability of the defendant employer and defendant insurer for the plaintiff's injuries." The order also provided that all claims against the Second Injury Fund were reserved until trial.

The trial of the case was a contest between the employee and the Second Injury Fund. The court found that the employee is "permanently and totally disabled, in that the plaintiff is incapacitated from working at an occupation which will bring her an income"; that the employer and its insurer "have discharged their obligation by the settlement approved by this court immediately prior to the trial"; and that the Second Injury Fund shall pay weekly benefits from May 22, 2000 until the plaintiff (who was then 40 years of age) reaches the age of 65 years. The effect of the judgment was to grant the employee benefits for 1300 weeks, give the employer credit for 325 weeks under the settlement with the employee, and impose liability on the Second Injury Fund for 975 weeks.

The Second Injury Fund appealed.

The case was referred to a Workers' Compensation Panel for findings of fact and conclusions of law, but was withdrawn pursuant to Tenn.Code Ann. § 50–6–225(e)(3) (Supp. 1996).

### ANALYSIS

The Second Injury Fund contends that its liability cannot be determined by a settlement between the employee and the employer over its objection, and, in any event, the proof does not support the trial court's finding that the injuries on which this suit is based rendered the employee permanently and totally disabled.

The Second Injury Fund may be liable to an injured employee under the provisions of Tenn.Code Ann. § 50–6–208 (Supp.1996). The Second Injury Fund is liable under section (a) of that statute if an employee has previously sustained a permanent physical disability from any cause or origin and the employee becomes permanently and totally disabled as the result of a subsequent compensable injury. Under section (a), the prerequisites for imposing liability on the Sec-

ond Injury Fund are a prior injury, either compensable or noncompensable, which caused permanent disability and a subsequent compensable injury which rendered the employee permanently and totally disabled. *Perry v. Sentry Insur. Co.,* 938 S.W.2d 404, 407 (Tenn.1996); *Minton v. State Indus., Inc.,* 825 S.W.2d 73, 76–77 (Tenn.1992). The Second Injury Fund is liable under section (b) if the sum of two or more awards for permanent disability to the body as a whole exceed 100 percent permanent disability. *Perry v. Sentry Insur. Co.,* 938 S.W.2d at 407; *Henson v. City of Lawrenceburg,* 851 S.W.2d 809, 812 (Tenn.1993).

Liability under section (a) is conditioned upon the employee becoming permanently and totally disabled as the result of the subsequent injury, and liability under section (b) is conditioned upon awards for permanent disability to the body as a whole, including the award for the last injury, exceeding 100 percent. Consequently, the extent of disability caused by the last injury is a critical factor in determining the liability, if any, of the Second Injury Fund.

■ Here, the trial court approved a settlement concerning the issue of disability caused by the subsequent injury though a party, the Second Injury Fund, did not agree to its terms. That determination cannot be made, over the objection of the Second Injury Fund, by agreement between the employee and the employer.

■ Section 50–6–206 (Supp.1996) specifically provides that the Second Injury Fund must be made a party in suits involving second injuries: "In all cases where such settlement proceedings ... for workers' compensation ... involve a subsequent injury wherein the employee would be entitled to receive ... compensation from the 'second injury fund' ... the director shall be made a party defendant to such proceedings...." As a party, the director's consent is required to consummate a settlement agreement. "A settlement agreement is merely a contract between the parties to the litigation.... As such, the formation, construction, and enforceability of a settlement agreement is governed by local contract law." *Carr v. Run-*

*yan,* 89 F.3d 327, 331 (7th Cir.1996). Under general principles of contract law, a contract "must result from a meeting of the minds of the parties in mutual assent to the terms." *Higgins v. Oil, Chemical & Atomic Workers,* 811 S.W.2d 875, 879 (Tenn.1991) (quoting *Johnson v. Central Nat'l Ins. Co.,* 210 Tenn. 24, 34–5, 356 S.W.2d 277, 281 (1962)). "It is fundamental that a contract is enforceable only to the extent that it is assented to by the parties." *State v. Clements,* 925 S.W.2d 224, 227 (Tenn.1996). Consequently, the agreement between two of the parties that the employer's liability was for 75 percent of the permanent partial disability, is not binding on the other party, the Second Injury Fund.

Because the Second Injury Fund has not settled the liability issue by agreement, it is entitled to "submit the entire matter for determination to the judge ... to hear and determine the issues and render and enforce judgment." Tenn.Code Ann. § 50–6–225(a)(1) and (c)(1) (Supp.1996). The Second Injury Fund has the right to have "the entire matter" litigated among all of the interested parties. The right to have disputed issues litigated between all of the parties in workers' compensation cases has previously been recognized—this Court has held that the statutory requirement that the Second Injury Fund be given notice and made a party to proceedings "is a clear indication that the Legislature intended that an employee's claim against the Second Injury Fund is to be litigated at the same time as the employee's claim against his employer." *Farr v. Head,* 811 S.W.2d 894, 896–97 (Tenn.1991); *see also Dailey v. Southern Heel Co.,* 785 S.W.2d 344, 346 (Tenn.1990). The trial court erred in approving the settlement over the objection of the Second Injury Fund.

The employee, as well as the employer, made clear in their briefs and in oral argument that no party has filed a petition to have the settlement set aside. Counsel for the employee acknowledge that the employee may have bargained away significant benefits to which she may be entitled. However, their insistence that the settlement be allowed to stand assumes that an award against the Second Injury Fund will be ap-

proved. They have not addressed the alternative found by this Court, that no award can be adjudged against the Second Injury Fund when that party effectively has been denied its day in court.

The workers' compensation statute, Tenn. Code Ann. § 50–6–206 (Supp.1996), recognizes that "the interested parties shall have the right to settle all matters of compensation between themselves," but the statute also provides "but all settlements, before the same are binding on either party, shall be reduced to writing and shall be approved by the [trial] judge." The statute further provides that the settlement will be approved by the judge only upon a finding that the employee is receiving substantially the benefits provided by the Workers' Compensation Law.

The trial court's finding in this case was based upon the assumption that the liability of the employer and the liability of the Second Injury Fund could be determined separately. As discussed above, the award against the Second Injury Fund, and the findings upon which that award is based, are invalid as attacked on appeal by the Second Injury Fund. Consequently, without an award against the Second Injury Fund, the employee, based on the findings by the trial court, has not received substantially the benefits provided by the Workers' Compensation Law.

The result is that the judgments entered in the trial court are set aside, and the case is remanded for a new trial on all issues.

For guidance on the construction of Tenn. Code Ann. § 50–6–207(4) (Supp.1996), the trial court may refer to this Court's decision in *Vogel v. Wells Fargo Guard Services,* 937 S.W.2d 856 (Tenn.1996).

Costs are assessed against the employee and the employer equally.

BIRCH, C.J., and DROWOTA, ANDERSON and WHITE, JJ., concur.