Roger A. **PERRY**, Plaintiff–Appellee,

v.

**SENTRY INSURANCE COMPANY,**
Defendant–Appellant,

**Larry Brinton, Jr., Director, Division of Workers' Compensation, Tennessee Department of Labor, Second Injury Fund, Defendant–Appellee.**

Supreme Court of Tennessee,
at Knoxville.

Dec. 23, 1996.

Ward S. Whelchel, C. Edward Daniel, Knoxville, for Plaintiff–Appellee.

James T. Shea, IV, Baker, McReynolds, Byrne, Brackett, O'Kane & Shea, Knoxville, for Defendant–Appellee.

Anne T. Widseth, Knoxville, Sandra E. Keith, Assistant Attorney General, Charles W. Burson, Attorney General and Reporter, Nashville, for Defendant–Appellant.

### *OPINION*

REID, Justice.

This case presents for review the decision of the Chancery Court of Union County apportioning a workers' compensation award for permanent total disability between the employer and the Second Injury Fund. The trial court found the award is controlled by Tenn.Code Ann. § 50–6–208(a) (Supp.1996). A Workers' Compensation Panel, upon reference for findings of fact and conclusions of law pursuant to Tenn.Code Ann. § 50–6–225(e)(5) (Supp.1996), found the award is controlled by section (b) of Tenn.Code Ann. § 50–6–208. The judgment of the trial court is affirmed as modified.

### *THE CASE*

In this case, Roger Perry, the plaintiff-employee, sustained two nonwork-related neck injuries in 1991, both of which required surgery involving the employee's cervical vertebrae. A medical expert later estimated that the injuries and surgery resulted in a 15 percent permanent medical impairment to the body as a whole. Since the injuries were not compensable under the Workers' Compensation Law, there was no occasion to determine the vocational disability incurred

by the employee. In 1992, the employee sustained a work-related injury to his right leg. This injury was the basis for a court-approved award of 25 percent permanent disability to the leg. On May 10, 1993, in the course and scope of his employment, the employee sustained another injury to his neck. The medical expert testified that this injury caused an additional permanent medical impairment of 20 percent to the body as a whole and that this subsequent injury rendered the employee permanently and totally disabled.

The trial court found the employee is permanently and totally disabled as a result of the May 1993 injury, and, under the statute, is eligible to receive the temporary total disability payments plus 275 additional weeks of benefits. This decision is not contested. The court further found that the last injury caused a 50 percent permanent vocational disability to the body as a whole and, relying upon section 50–6–208(a), apportioned the award 50 percent to the employer's insurer and 50 percent to the Second Injury Fund.

The Special Workers' Compensation Panel found the award should be apportioned as provided in section 50–6–208(b) and that the Second Injury Fund is liable for only 12.5 percent of the award for permanent total disability. The Panel reached this conclusion by converting the award of 25 percent permanent disability to the leg, to an award of 12.5 percent disability to the body as a whole.[1] The Panel reasoned that because the most recent injury rendered the employee 100 percent disabled, the sum of the total awards is 112.5 percent, thereby, under section (b), it imposed upon the Second Injury Fund liability for the amount of the award in excess of 100 percent permanent disability to the body as a whole. The Panel would assess 12.5 percent of the award to the Second Injury Fund and 87.5 percent to the employer's insurer.

The insurer has appealed, insisting that the trial court was correct in applying section 50–6–208(a), and that the Special Workers'

Compensation Panel's finding should be rejected by the Court.

### STANDARD OF REVIEW

█ At issue then, is the construction of section 50–6–208, which is a question of law reviewed by this Court de novo with no presumption of correctness. *Beare Co. v. Tennessee Dept. of Revenue*, 858 S.W.2d 906, 907 (Tenn.1993) ("[C]onstruction of [a] statute and application of the law to the facts [are questions] of law."); *see* Tenn. R.App. P. 13(d); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn.1993).

█ The rules regarding construction of workers' compensation statutes are firmly established. "Generally, statutes in derogation of the common law are to be strictly construed and confined to their express terms...." *Ezell v. Cockrell*, 902 S.W.2d 394, 399 (Tenn.1995). "When the words of a statute are plain and unambiguous, the assumption is 'that the legislature intended what it wrote and meant what it said.' The pertinent language must be [applied] 'without any forced or subtle construction extending its import.'" *McClain v. Henry I. Siegel Co.*, 834 S.W.2d 295, 296 (Tenn.1992) (quoting *Worrall v. Kroger Co.*, 545 S.W.2d 736, 738 (Tenn.1977)). However, "[t]he most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Owens v. State*, 908 S.W.2d 923, 926 (Tenn.1995); *State v. Sliger*, 846 S.W.2d 262, 263 (Tenn.1993). Furthermore, the Workers' Compensation statute provides that the law "is declared to be a remedial statute which shall be given an equitable construction by the courts to the end that the objects and purposes of this chapter may be realized and attained." Tenn.Code Ann. § 50–6–116 (1991); *Betts v. Tom Wade Gin*, 810 S.W.2d 140, 142 (Tenn.1991).

### ANALYSIS

The pertinent provisions of section 50–6–208 are as follows:

---

**1.** The leg is a scheduled member having a maximum value of 200 weeks of benefits. Tenn.Code Ann. § 50–6–207(3)(A)(ii)(*o*) (Supp.1996). The body as a whole is valued at 400 weeks, or twice

the value of a leg. Tenn.Code Ann. § 50–6–207(3)(f). Thus, an award based on a 25 percent disability to the leg equates to one based on 12.5 percent disability to the body as a whole.

(a)(1) If an employee has previously sustained a permanent physical disability from any cause or origin and becomes permanently and totally disabled through a subsequent injury, such employee shall be entitled to compensation from such employee's employer or the employer's insurance company only for the disability that would have resulted from the subsequent injury, and such previous injury shall not be considered in estimating the compensation to which such employee may be entitled under this chapter from the employer or the employer's insurance company; provided, that in addition to such compensation for a subsequent injury, and after completion of the payments therefor, then such employee shall be paid the remainder of the compensation that would be due for the permanent total disability out of a special fund to be known as the "second injury fund" therein created.

.    .    .    .    .

(b)(1)(A) In cases where the injured employee has received or will receive a workers' compensation award or awards for permanent disability to the body as a whole, and the combination of such awards equals or exceeds one hundred percent (100%) permanent disability to the body as a whole, the employee shall not be entitled to receive from the employer or its insurance carrier any compensation for permanent disability to the body as a whole that would be in excess of one hundred percent (100%) permanent disability to the body as a whole, after combining awards.

(B) Benefits which may be due the employee for permanent disability to the body as a whole in excess of one hundred percent (100%) permanent disability to the body as a whole, after combining awards, shall be paid by the second injury fund.

The Second Injury Fund is liable under section (a) if, (1) an employee has previously sustained a permanent physical disability from any cause or origin, and (2) the employee becomes permanently and totally disabled as the result of a subsequent compensable injury. Under section (a), the prerequisites for imposing liability on the Second Injury Fund are a prior injury, either compensable or noncompensable, which caused permanent disability and a subsequent compensable injury which rendered the employee permanently and totally disabled. *Minton v. State Indus., Inc.,* 825 S.W.2d 73, 76–77 (Tenn. 1992).

The Second Injury Fund is liable under section (b) if the sum of two or more awards for permanent disability to the body as a whole equal or exceed 100 percent permanent disability. *Henson v. City of Lawrenceburg,* 851 S.W.2d 809, 812 (Tenn.1993).

■ Based on these provisions, an employee who has sustained a compensable injury which caused permanent disability and who sustains a subsequent compensable injury which causes the employee to be permanently and totally disabled will be entitled to recover from the Second Injury Fund under section (a). If the sum of two or more awards for permanent disability to the body as a whole exceeds 100 percent, the employee also will have met the requirements for recovery under section (b). Consequently, section (a) and section (b) are not mutually exclusive, and an employee may meet the criteria for recovery under both sections.

■ However, the facts in this case satisfy only the requirements of section (a).[2] The employee sustained permanent physical disability to his leg, and though not compensable, as the result of the first injuries to his neck, and he sustained a subsequent compensable injury which rendered him permanently and totally disabled. The employee, contrary to the finding of the Workers' Compensation Panel, has not met the requirement of section (b) of having received awards for permanent disability which equal or exceed 100 percent. Even if the award for the leg injury is converted to a body as a whole disability and added to the 50 percent permanent disability caused by the last injury, the sum of the combined awards is only 62.5 percent.

---

**2.** If in this case the 1991 injuries to the employee's neck had been compensable, the vocational disability resulting from the estimated medical impairment of 15 percent to the body as a whole likely would have resulted in total awards for permanent disability to the body as a whole in excess of 100 percent.

■ Under section (a), a permanently and totally disabled employee is entitled to recover from the Second Injury Fund the amount whereby an award for permanent total disability exceeds the award for the subsequent injury. *Minton v. State Indus., Inc.,* 825 S.W.2d at 76–77. The trial court found that under section (a), the liability of the employer was 50 percent and the liability of the Second Injury Fund was 50 percent. The Second Injury Fund insists that even if section (a) is applicable, the trial court erred in its apportionment of the award. It asserts that the permanent disability caused by the May 1993 injury was greater than 50 percent.

As to findings of fact by the trial court, our review is *de novo* upon the record accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. Tenn.Code Ann. § 50–6–225(e)(2)(Supp.1996). "This standard of review differs from that previously provided and requires this Court to weigh in more depth factual findings and conclusions of trial judges in workers' compensation cases." *Humphrey v. David Witherspoon, Inc.,* 734 S.W.2d 315 (Tenn.1987). Here, the trial court found as follows:

> "the last injury was the more serious and the one that broke the camel's back, ... but ... he had a serious vocational impairment from these previous surgeries.... The Court is going to divide the disability at 50/50. Fifty from the previous injury and fifty from the last injury."

The evidence does not preponderate against the findings of the trial court.

Consequently, as required by section (a), the employee is entitled to compensation from the employer or the employer's insurance company only for the disability that would have resulted from the subsequent injury, in this case, 50 percent of the award; provided, that in addition to such compensation, and after completion of the payments therefor, the employee shall be paid the remainder of the compensation that is due for his permanent total disability by the Second Injury Fund.

This decision accomplishes the purpose of the Second Injury Fund. The employee receives full benefits for his permanent total disability; the employer's liability is limited to the consequences of the subsequent injury; and the Second Injury Fund is liable for the disability caused by the noncompensable injuries and the prior compensable injury to a scheduled member. *See Henson v. City of Lawrenceburg,* 851 S.W.2d at 813.

■ The judgment of the trial court that the Second Injury Fund begin making payments immediately is contrary to the statute. Where liability is apportioned to the Second Injury Fund, the payments by the Fund do not begin until "after completion of the payments" by the employer. Tenn.Code Ann. § 50–6–208(a)(1). "[T]he obligation of the employer is not only determined first but is to be paid first ...; the obligation of the Second Injury Fund is not concurrent with that of the employer...." *Smith v. Liberty Mutual Ins. Co.,* 762 S.W.2d 883, 885 (Tenn. 1988).

The judgment of the trial court, as modified, is affirmed, and the case is remanded for further proceedings.

Costs are taxed to the Second Injury Fund.

BIRCH, C.J., and DROWOTA and ANDERSON, JJ., concur.

WHITE, J., not participating.