IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 20, 2011 Session

# MARSHA JEAN (COUGHLIN) KENNEDY AND DARLENE CAMP, AS ADMINISTRATRIX C.T.A. OF THE ESTATE OF LOIS D. COUGHLIN
v.
# STATE FARM INSURANCE COMPANY

**Appeal from the Chancery Court of Shelby County**
**No. CH-08-0630-2     Arnold B. Goldin, Chancellor**

_____

**No. W2010-01024-COA-R3-CV - Filed July 21, 2011**

_____

This is an insurance case. The plaintiff daughter purchased a home with her mother as tenants in common. The homeowner's insurance policy listed both the daughter and the mother as named insureds. The daughter later quitclaimed her interest in the property to her mother. Years later, the daughter had an accident on the property and filed a claim under the homeowner's insurance policy. The insurance company denied recovery based on the policy's exclusion from coverage for injury to an insured. The daughter filed this lawsuit against the defendant insurer, contending, *inter alia*, that she was not an insured because she did not sign the contract with the defendant insurer. The trial court granted summary judgment in favor of the insurance company. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Lanier Fogg, Memphis, Tennessee, for Plaintiffs/Appellants, Marsha Kennedy and Darlene Camp as Administratrix c.t.a. of The Estate of Lois D. Coughlin.

Dawn Davis Carson, Hickman, Goza & Spragins, PPLC, Memphis, Tennessee, for Defendant/Appellee, State Farm Insurance Company.

# OPINION

## FACTS AND PROCEEDINGS BELOW

On June 9, 1980, Plaintiff/Appellant Marsha Jean Kennedy[1] ("Kennedy") purchased a home on Dungreen Street in Memphis, Tennessee, with her mother Lois D. Coughlin ("Coughlin") as tenants in common. Kennedy was on the deed to the property as well as the mortgage. Homeowner's insurance was purchased on the property through Defendant/Appellee State Farm Insurance Company ("State Farm"), listing both Kennedy and Coughlin as the named insureds. The insurance application was signed by Coughlin, but not by Kennedy. Thereafter, mailings from State Farm regarding the homeowner's insurance were addressed to both Kennedy and Coughlin, and sent to the home address.

Kennedy lived in the Dungreen home with Coughlin for a few months. In 1981, she moved out of the home and subsequently married. Coughlin continued to reside in the home.

In 1987, State Farm issued a check as payment on a claim under the homeowner's insurance policy. The check was made payable to both Coughlin and Kennedy jointly. The check was endorsed and cashed. In 1988, a second similar check was issued by State Farm as payment on a claim under the policy, also made payable to both Coughlin and Kennedy. It was also endorsed and cashed.

On December 1, 1988, Kennedy executed a quitclaim deed conveying her interest in the property to Coughlin. Kennedy was not, however, removed from liability on the note and the mortgage. State Farm was not notified of Kennedy's quitclaim deed to Coughlin. Kennedy remained on the homeowner's insurance policy as a named insured. State Farm was not asked to remove Kennedy from the policy as a named insured.

In 1991, State Farm issued a check for $112.39 as payment on a claim of theft under the homeowner's policy. The check was made payable to both Kennedy and Coughlin. The check was endorsed and cashed.

Some years later, on August 5, 2000, while climbing the ladder from an above-ground pool located on the premises, Kennedy fell and was injured. Kennedy made a claim against Coughlin for her injuries, pursuant to the homeowner's policy. On August 30, 2000, State Farm telephoned Coughlin to tell her that State Farm was denying coverage for the claim

---

[1]At the time the property was purchased, prior to her marriage, Marsha Jean Kennedy was named Marsha Jean Coughlin. In this Opinion, we refer to her by the name Marsha Jean Kennedy.

because Kennedy was listed as a named insured under the policy.[2] The next day, State Farm sent letters to both Kennedy and Coughlin, informing them that there was no coverage for Kennedy's claim because Kennedy was listed as a named insured on the policy. The denial of coverage was based on the following exclusion from coverage in the policy:

> Section II- Exclusions
> 1. Coverage L and M do not apply to:
>> h. bodily injury to you or any insured within the meaning of part
>> a. or b. of the definition of insured.
> This exclusion also applies to any claim made or suit brought against you or any insured to share damages with or repay someone else who may have been obligated to pay damages because of the bodily injury sustained by you or any insured within the meaning of part a. or b. of the definition of insured;

The denial was also based on the following definition in the policy:

> "You" and "your" mean the "named insured" shown in the Declarations. Your spouse is included if a resident of your household. "We," "us" and "our" mean the Company shown in the Declarations.

> Certain words and phrases are defined as follows:

> 4. "insured" means you and, if residents of your household:
>> a.  your relatives; and
>> b.  any other person under the age of 21 who is in the care of a person described above.

On August 2, 2001, Kennedy and her husband filed a lawsuit against Coughlin, seeking payment for the injuries Kennedy sustained at the home in August 2000. The record does not indicate the resolution of that lawsuit. State Farm continued to deny coverage based on the above-quoted exclusion from coverage.

On August 9, 2002, Kennedy and Coughlin filed a lawsuit against State Farm. The 2002 complaint sought reformation of the homeowner's insurance contract and declaratory judgment. In the request for reformation of the insurance policy, the complaint stated:

---

[2]That same day, pursuant to Coughlin's request, Kennedy was removed as a named insured under the homeowner's policy, based on Coughlin's statement to State Farm that Kennedy no longer lived in the home.

It was the parties' intention that Marsha Kennedy be a named insured on said insurance policy, because she was an owner of the subject premises. It was the parties' intention that Marsha Kennedy no longer be named insured on said policy upon her conveying her interest in the property to Lois Coughlin.

It averred: "The failure to remove Marsha Kennedy as a named insured in the policy was due to mutual mistake of the parties." The complaint sought declaratory relief that "Kennedy had no insurable interest in the Dungreen property and as a result was not an insured under the policy."

Discovery ensued. In the course of discovery, State Farm served on Kennedy and Coughlin a series of requests for admission. The requests[3] included the following: "Please admit that a check was issued from State Farm Insurance on August 6, 1991, in the amount of $112.39 for a claim of theft on the homeowner's policy," and attached a copy of the check. It further included the following request for admission: "Please admit that you endorsed the check issued on August 9, 1991, in the amount of $112.39," referencing the same check. Apparently no response was filed to these requests for admission, and in due course a motion to deem them admitted was filed. On October 15, 2004, the trial court entered a consent order deeming the above requests for admission conclusively admitted by both Kennedy and Coughlin.

Thereafter, the 2002 complaint was non-suited. The appellate record includes neither the order of nonsuit nor the date of voluntary dismissal, but this fact is undisputed in the record. At some point, Coughlin passed away; the date of her death is not included in the record.

On April 3, 2008, Kennedy and the Estate of Lois D. Coughlin ("the Estate") filed the lawsuit that is the subject of this appeal, naming State Farm as the defendant. The 2008 complaint sought reformation of the homeowner's insurance contract to delete Kennedy from the policy. It asserted: "Naming Marsha Kennedy as a named insured under the policy without her consent and without her entering into an agreement to insure the property renders the policy invalid as to her." The 2008 complaint averred that, on August 5, 2000, "Kennedy was not an insured under said [homeowners'] policy," and asked the trial court for a determination of whether Kennedy was an insured under the policy and whether Kennedy's claim against Coughlin was covered. State Farm filed an answer, asserting that Kennedy was a named insured under the policy on the date of Kennedy's injury, and that there was no coverage under the policy pursuant to the exclusion for injury to an insured.

---

[3]The Request for Admissions in the appellate record states that it is directed to Lois Coughlin, not to Kennedy. The appellate record does not include such a request for admissions directed to Kennedy.

In September 2009, State Farm filed a motion to dismiss, or in the alternative, for summary judgment. In the motion, State Farm asserted that Kennedy was a named insured under the homeowner's insurance policy at the time of Kennedy's injury, and that there was no coverage for Kennedy's injury under the exclusion for injury to an insured. In support of the motion, State Farm filed a Statement of Undisputed Facts. The Statement included the facts that Kennedy was included as a named insured on the application for insurance, and that no request to remove Kennedy as a named insured was made until after Kennedy's injury. The Statement also included the admission, contained in the October 4, 2004 consent order in the prior nonsuited lawsuit, that the 1991 check from State Farm was made payable to both Kennedy and Coughlin and was endorsed by Kennedy. In addition, it included the assertion in the prior nonsuited complaint that it was "the parties' intention that Marsha Kennedy be a named insured" on the homeowner's policy.

In response to State Farm's Statement of Undisputed Facts, Kennedy admitted that the named insureds on the homeowner's policy were Kennedy and Coughlin, and that Coughlin signed the application naming Kennedy as one of the insureds. Kennedy admitted that State Farm was not asked to remove Kennedy as a named insured until after Kennedy's injury. Kennedy also admitted that State Farm issued the 1991 check payable to both Kennedy and Coughlin, but denied that the check was endorsed by both of them. Kennedy admitted that the 1987 and 1988 State Farm checks on the homeowner's policy were made payable to both Kennedy and Coughlin, but denied that the checks had to be endorsed by both, averring that Coughlin could have endorsed Kennedy's name on the checks. Kennedy admitted that the nonsuited complaint against State Farm alleged that it was the parties' intention for Kennedy to be named as an insured on the policy.

In addition to filing a response to State Farm's Statement of Undisputed Facts, Kennedy filed an affidavit. In the affidavit, Kennedy stated that she had "nothing to do with" obtaining insurance for the Dungreen home, noting that her signature does not appear on the application for insurance with State Farm. Kennedy's affidavit pointed out that Coughlin signed the application and asserted that Kennedy did not know she was a named insured under the policy. Kennedy claimed that she had "no recollection of endorsing" the 1991 check issued by State Farm, made payable to Kennedy and Coughlin. It adds, "I assumed that I did since it was cashed however, my mother must have endorsed my name on the check. A copy of the endorsement provided by [State Farm] was illegible." Kennedy maintained in her affidavit that if she "had known that I was a named insured and that as such the homeowner's policy would not cover any injury I received on its premises, I would have removed my name from the policy."

On February 17, 2010, Kennedy filed a motion to strike two statements, to prevent them from being considered in connection with State Farm's summary judgment. Kennedy first sought to strike her admission during the nonsuited 2002 lawsuit that Kennedy endorsed the 1991 check from State Farm in the amount of $112.39, which was deemed admitted in the October 15, 2004 consent order in the 2002 lawsuit. Kennedy also sought to strike "the allegation made in the previous [2002] petition that it was the parties' intention that Marsha Kennedy be a named insured on said insurance policy," on the grounds that this was a mere conclusory statement rather than an admission of fact.

After much argument by the parties, the trial court granted the motion to strike in part and denied it in part. The trial court granted the motion to strike as to the October 15, 2004 consent order, which deemed admitted the request for admission that Kennedy endorsed the 1991 State Farm check made payable to her and Coughlin.[4] It denied the motion to strike as to the statement in the 2002 complaint that, "It was the parties' intention that Marsha Kennedy be a named insured on said [homeowner's insurance] policy, because she was an owner of the subject premises." The trial judge held: "I don't see that as anything but a factual statement. I don't see how it can be interpreted any other way other than a factual statement. It's a statement made by the party that's bringing the claim." As such, the trial court held that the statement could be considered in deciding state Farm's motion for summary judgment.

After making its decision on Kennedy's motion to strike, the trial court considered State Farm's motion for summary judgment. The trial judge issued an oral ruling from the bench stating that:

> State Farm insured the property. Bills were sent from State Farm with both of their names on there. Claims were made, checks were paid with both of their name on there, and they were endorsed by someone and cashed. There's no dispute about the fact that they were cashed.
> Ms. Kennedy has stated in her affidavit that that was– that those checks apparently were cashed, stated in the original complaint that it was the parties'

---

[4]The motion to strike this admission was based on the language in Tenn. R. Civ. P. 36.02, which states that an admission under Rule 36 "is for the purpose of the pending action only and is not an admission by that party for any other purpose nor may it be used against that party in any other proceeding." TENN. R. CIV. P. 36.02. The parties' arguments centered on whether the instant lawsuit, filed after the 2002 complaint was nonsuited, was essentially the same proceeding as the nonsuited lawsuit or was "any other proceeding." The trial court expressed misgivings that a party would be able to escape the effect of an admission by nonsuiting and refiling, but ultimately held that the 2008 lawsuit was an "other proceeding" under Rule 36.02. This ruling is not raised as an issue on appeal.

intention that she be named– that she be a named insured on the insurance policy because she was an owner of the policy, and the Court has ruled that that– that the plaintiff is bound by that language.

This Court just doesn't see how with all of those facts how Ms. Kennedy can now come into Court and say, well, I never intended to be on the policy. I never wanted to be on the policy. I never signed the application for the policy and, therefore, the policy shouldn't -- I should be able to make a claim under the policy. It was only my mother's policy.

The trial court found no dispute as to any material fact and issued an oral ruling granting summary judgment in favor of State Farm.

A written order was entered on March 23, 2010. The written order denied the motion to strike as to the assertion in the 2002 complaint, explaining that "the prior facts set forth within the Complaint. . . shall not be struck as this is a factual statement made by that plaintiffs that it was the intent of the parties that Ms. Kennedy be a named insured at the time of the application with State Farm."

The written order also granted State Farm's motion for summary judgment. Similar to the oral ruling, the trial court's written order states:

Both Ms. Kennedy and Ms. Coughlin, her mother, entered into an agreement to purchase the property, and both of them were named on the property. Both Ms. Kennedy and Ms. Coughlin were on the deed of trust. Ms. Kennedy lived at the property for a period of time, a period of seven or eight months, and then moved out, apparently moved away from the property, but continued to have an insurable interest in the property for a number of years until she quitclaimed her interest in the property to her mother. At the time that the property was closed the closing documents reflect that there was hazard insurance on the property with State Farm. That document is signed by both Ms. Coughlin and Ms. Kennedy. Then years went by and State Farm insured the property. Bills were sent from State Farm with both of their names on the bills. Claims were made, checks were paid with both of their name on there, and they were endorsed by someone and cashed. There's no dispute about the fact that they were cashed. In the original complaint it was the parties' intention that Ms. Kennedy be a named insured on the insurance policy because she was an owner of the policy, and the Court has ruled that the plaintiff is bound by that language. This Court just doesn't see how with all of those facts Ms. Kennedy can now come into Court and say, well, "I never intended to be on the policy.

I never wanted to be on the policy. I shouldn't have been on the policy. I never signed the application for the policy and, therefore, I should be able to make a claim under the policy, it was my mother's policy."

Ms. Kennedy's name appeared on the policy, and claims were made under the policy by both Ms. Kennedy and her mother. It is further significant that this claim was originally brought in the name of Ms. Coughlin. Ms. Kennedy and Ms. Coughlin are not inseparable.

On this basis, the trial court granted State Farm's motion for summary judgment. Kennedy and the Estate now appeal.

### ISSUES ON APPEAL AND STANDARD OF REVIEW

On appeal, Kennedy and the Estate assert that the trial court erred in granting State Farm's motion for summary judgment. Specifically, they argue that the trial court erred in considering the averments in Kennedy's nonsuited 2002 complaint. They contend that Kennedy had no contract of insurance with State Farm, and consequently could not be a named insured, and assert that Kennedy did not ratify the insurance contract. In response, State Farm maintains that the trial court correctly granted its motion for summary judgment because Kennedy was a named insured and her claim was excluded from coverage under the terms of the insurance policy.

The trial court's decision to grant or deny a motion for summary judgment is a question of law, which we review *de novo* on the record, with no presumption of correctness in the trial court's decision. A grant of summary judgment is appropriate only when there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. TENN. R. CIV. P. 56.04; ***Hannan v. Alltel Publ'g Co.***, 270 S.W.3d 1, 5 (Tenn. 2008); ***Byrd v. Hall***, 847 S.W.2d 208, 214 (Tenn. 1993).

In ***Hannan***, the Tennessee Supreme Court outlined a new burden-shifting analysis for a trial court to employ when faced with a motion for summary judgment.[5] Under ***Hannan***, "[i]t is not enough for the moving party to challenge the nonmoving party to 'put up or shut up' or even to cast doubt on a party's ability to prove an element at trial." ***Hannan***, 270 S.W.3d at 8. Rather, the moving party must "either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense." ***Staples v. CBL***

---

[5]Tennessee's General Assembly recently enacted a law relating to summary judgment. *See* SB 1114/ HB 1358, adding T.C.A. § 20-16-101, effective July 1, 2011. In this appeal, we apply the summary judgment standard in effect at the time of the trial court decision below.

***& Assocs., Inc.*** 15 S.W.3d 83, 88 (Tenn. 2000). This analytical framework was recently summarized by the Tennessee Supreme Court as follows:

> The party seeking the summary judgment has the ultimate burden of persuading the court "that there are no disputed, material facts creating a genuine issue for trial ... and that he is entitled to judgment as a matter of law." ***Byrd***, 847 S.W.2d at 215. If that motion is properly supported, then the burden of production to establish a genuine issue of material fact shifts to the non-moving party. ***Hannan***, 270 S.W.3d at 5. In order to shift the burden of production, the movant must either affirmatively negate an essential element of the nonmovant's claim or demonstrate that the non-moving party cannot establish an essential element of his claim at trial. ***Id.*** at 8–9. The court must accept the facts presented by the nonmovant as true and resolve any doubts regarding the existence of genuine issue of material fact in the nonmovant's favor. ***Martin v. Norfolk S. Ry. Co.***, 271 S.W.3d 76, 84 (Tenn.2008). At the summary judgment phase, "it is not the role of a trial or appellate court to weigh the evidence or substitute its judgment for that of the trier of fact." ***Id***. at 87 (citing ***Byrd***, 847 S.W.2d at 211).

***Estate of French v. Stratford House***, 333 S.W.3d 546, 553–54 (Tenn. 2011).

## ANALYSIS

### Motion to Strike

We consider first Kennedy's[6] argument that the trial court erred in denying her motion to strike as to the statements in her 2002 nonsuited complaint against State Farm. The 2002 complaint stated:

<u>REFORMATION OF CONTRACT</u>

> 8. It was the parties' intention that Marsha Kennedy be a named insured on said insurance policy, because she was an owner of the subject premises. It was the parties' intention that Marsha Kennedy no longer be named insured on said policy upon her conveying her interest in the property to Lois Coughlin.

---

[6]In this Analysis "Kennedy" is inclusive of both Marsha Kennedy and the Estate of Lois Coughlin, where appropriate.

9. The failure to remove Marsha Kennedy as a named insured in the policy was due to mutual mistake of the parties.

### DECLARATORY JUDGMENT

10. On August 5, 2000 Marsha Kennedy had no insurable interest in the Dungreen property and as a result was not an insured under the policy.

Kennedy contends that the allegations in the prior complaint were merely alternative and inconsistent claims, which are allowable under the liberal rules of pleading, made to support a legal theory that was pursued in the 2002 lawsuit but not in the 2008 lawsuit. Kennedy insists that these are not factual statements, but are merely conclusory statements, and thus are not admissions.

This Court has acknowledged that, in some circumstances, statements in pleadings may not be admissible, to allow for the use of alternative claims and defenses, regardless of their consistency. *See Conley v. Life Care Centers*, 236 S.W.3d 713, 743 (Tenn. Ct. App. 2007) (*perm. app. den.* 2007) (quoting *Lytle v. Stearns*, 830 P.2d 1197, 1207 (Kan. 1992) (quoting MCCORMICK ON EVIDENCE § 265, 781-82)); *see also Patterson v. Dunn*, No. 02A01-9710-CV-00256, 1999 WL 398083, at *9-10 (Tenn. Ct. App. June 16, 1999) (same quote utilized in *Conley v. Life Care*). However, in general, "factual statements contained in pleadings filed in other cases are admissions of a party opponent." *Siegel-Robert, Inc. v. Johnson*, No. M2008-02228-COA-R3-CV, 2009 WL 3486625, at *5 (Tenn. Ct. App. Oct. 28, 2009) (quoting *Pizzillo v. Pizzillo*, 884 S.W.2d 749, 753 (Tenn. Ct. App. 1994)). While such admissions are not conclusive, they "may be received into evidence against the pleader on the trial of another action to which he is a party as long as the statement is relevant and material to the issues being tried." *Id.* (quoting *Pankow v. Mitchell*, 737 S.W.2d 293, 296 (Tenn. Ct. App. 1987)); *see also Conley*, 236 S.W.3d at 743; *Patterson*, 1999 WL 398083, at *8-10.

In the case at bar, the trial court found that the allegations at issue in the complaint filed in the 2002 nonsuited lawsuit were factual statements on whether the parties, including Kennedy, intended for Kennedy to be a named insured on the homeowner's insurance when it was procured. On this basis, the trial court denied Kennedy's motion to strike these statements and considered them in the context of State Farm's motion for summary judgment. We agree with the trial court that the pertinent allegations are statements of fact. Under the circumstances of this case, we find no error in the trial court's decision to deny the motion to strike these statements and to consider them in its decision on State Farm's summary judgment motion.

**Summary Judgment Motion**

We next consider Kennedy's argument that the trial court erred in granting State Farm's motion for summary judgment. Kennedy notes that she did not sign the application for homeowner's insurance, and argues that she was not a party to Coughlin's insurance contract with State Farm. Kennedy also contends that the facts do not show that she ratified the inclusion of her name as a named insured on the insurance contract.

Kennedy argues in her brief that "State Farm does not have the right to make [Kennedy] a named insured without her consent." Kennedy cites several cases, none of which are applicable to the facts in the instant case.[7] The parties cite no Tennessee case on point on this issue, and we have found none. From reviewing cases outside Tennessee, it appears that there may be a split of authority as to whether an exclusion from coverage may apply to a named insured who is unaware that he or she has been listed as such in an insurance policy:

> A difficult question of construction arises where the policy exclusion of the named insured is invoked to deny coverage with respect to a person who, in fact, is a named insured, but had been made such without his or her knowledge.
>
> By one view, since a named insured is a "party" to the contract, a person cannot "unknowingly" enter into a contract and become a named insured. Consequently, the solution to the problem is to reform the policy to exclude the unknowing person as a named insured.
>
> * * *
>
> In other cases, it has been held that the other named insured was bound by the exclusionary provision of the policy without regard to whether such insured had knowledge of being named as an insured.

7A COUCH ON INSURANCE § 110:25 *Effect on Named Insured Who is Unaware of that Status* (3rd ed. 2011) (footnotes omitted).

---

[7]Kennedy cites ***McClanahan v. State Auto Mut. Ins. Co.***, 108 S.W.2d 1102 (Tenn. Ct. App. 1937), in which "an admitted gambler and bootlegger" took out an automobile insurance policy in the name of another person who was "likewise a bootlegger." *Id.* at 1103. Kennedy also cites ***Commercial Cas. Ins. Co. v. Columbia Cas. Co.***, 125 S.W.2d 493 (Tenn. Ct. App. 1938), in which an insurance agent switched insurance companies, and substituted an insured's policy with his new company for the insured's existing policy with the old company, without the insured's knowledge or consent. Kennedy further cites ***Sweeten v. Trade Envelopes, Inc.***, 938 S.W.2d 383 (Tenn. 1996), a worker's compensation case involving a settlement agreement, for the general proposition that a contract must result from a meeting of the minds. *Id.* at 386.

However, under the facts of this case, we need not reach this issue. In the case at bar, the trial court ruled that it could consider the statement in the 2002 complaint to the effect that the parties intended Kennedy to be a named insured on the homeowner's policy, because she was an owner of the property.[8] In her affidavits filed in this cause, Kennedy notes that, when the house was purchased, she was young and had no knowledge about homeowner's insurance, that she was aware that insurance was being obtained on the home but did not participate in the process, that her mother's handwriting was the only handwriting on the application, and that she never saw a copy of the homeowner's policy that listed her as a named insured. Kennedy contends that, had she known that as a named insured she was precluded from recovering for her own injury on the property, she would have removed her name from the policy.

At no point in her affidavits, however, does Kennedy directly contradict the factual statement in the complaint filed in the nonsuited 2002 lawsuit, namely, that when the homeowner's insurance was originally procured in 1980, the parties, including her, *intended* for Kennedy to be a named insured on the homeowner's insurance policy. Indeed, even in the 2008 complaint filed in this case, although Kennedy notes that she did not execute the application for homeowner's insurance, nowhere does Kennedy assert that her mother's action in including Kennedy as a named insured on the application was contrary to her intent. Therefore, it remains undisputed in the appellate record that, when the homeowner's insurance was obtained in 1980, all parties, including Kennedy, intended for Kennedy to be a named insured on the homeowner's policy. Thus, Coughlin's action in making Kennedy a named insured on the policy was in accordance with Kennedy's intent. It is undisputed that Kennedy had an insurable interest, was in fact listed as a named insured on the policy at the time of her injury, that neither Coughlin nor Kennedy took action to remove Kennedy as a named insured until after Kennedy's injury, and that the exclusion from coverage in the policy applies to exclude coverage for Kennedy's injury if she is a named insured under the policy.

Under these circumstances, we must conclude that the trial court did not err in granting State Farm's motion for summary judgment. This holding pretermits all other issues raised on appeal.

---

[8]We note that the trial court's order alludes to Kennedy having an insurable interest in the Dungreen home "until she quitclaimed her interest in the property to her mother." The appellate record, however, indicates that Kennedy remained liable on the mortgage even after she executed the quitclaim deed to her mother, and thus had an insurable interest in the property when she suffered her August 2000 injury. There is nothing in the record showing that Kennedy was ever removed from the mortgage on the home.

**CONCLUSION**

The decision of the trial court is affirmed. Costs on appeal shall be taxed to Marsha J. Kennedy and Darlene Camp as the Administratrix c.t.a. of The Estate of Lois D. Coughlin, and their surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE