**FILED**

**July 1, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 1:28 PM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | |
|---|---|
| **DWIGHT MITCHELL,** ) | **Docket Nos.: 2015-06-0954** |
| ) | **2015-06-0955** |
| **Employee,** ) | |
| **v.** ) | **State File Nos.: 88416-2015** |
| ) | **88417-2015** |
| **RANDSTAD NORTH AMERICA,** ) | |
| **Employer.** ) | **Judge Kenneth M. Switzer** |
| ) | |

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

This case came before the undersigned workers' compensation judge on June 27, 2016, on the Request for Expedited Hearing filed by the employee, Dwight Mitchell, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is whether Mr. Mitchell is entitled to medical and temporary benefits for alleged work-related injuries on September 23, 2014, and March 12, 2015. The central legal issue is whether a subsequent settlement agreement, relative to an injury sustained on April 9, 2014, and approved in the Circuit Court for Davidson County, Tennessee, extinguishes any additional liability on the part of the Employer, Randstad North America, for the September 2014 and March 2015 injuries. For the reasons set forth below, the Court finds Mr. Mitchell is not entitled to additional medical benefits, because he expressly waived future claims of aggravation in the circuit court settlement agreement.[1]

## History of Claim

Mr. Mitchell is a fifty-three-year-old resident of Davidson County, Tennessee, who worked at Randstad, a staffing agency.

Mr. Mitchell testified that on April 9, 2014, he sustained a work-related injury to his head, neck and back while under Randstad's employ. He sustained an aggravation of

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

1

this injury on September 23, 2014, while lifting item(s) out of a closet while placed on light-duty restrictions. He aggravated the injury again on March 12, 2015, while participating in physical therapy.

Dr. R. Christopher Glattes provided authorized treatment from January 21 to March 26, 2015, relative to Mr. Mitchell's April 9, 2014 injury. (*See generally* Ex. 4.) Dr. Glattes placed Mr. Mitchell at Maximum Medical Improvement at the close of his treatment on March 26, 2015, assigning a two-percent impairment rating and releasing him to regular duty. (Ex. 8.) Afterward, on April 23, 2015, Dr. Glattes completed a "Medical Questionnaire" drafted by Randstad's counsel. (Ex. 6.) In it, Dr. Glattes agreed Mr. Mitchell's "degenerative lumbar disease was not caused" by his fall at work on April 9, 2014, but the cause of Mr. Mitchell's current complains was "strain caused by injury."

Dr. Glattes testified via deposition that Mr. Mitchell called his office on March 19, 2015, and a staff member noted Mr. Mitchell reported "something was tore in PT." (Ex. 4 at 13.) However, Dr. Glattes' testimony related Mr. Mitchell's pain to a "degenerative condition." *Id.* at 14. He further testified Mr. Mitchell's neuropathy is unrelated to work. *Id.* at 15. Dr. Glattes explained his responses to the "Medical Questionnaire" in his testimony, reiterating "Mr. Mitchell's complaints and symptoms are typical for degenerative conditions." *Id.* at 17. Dr. Glattes was unaware that Mr. Mitchell alleged injuries beyond the April 9, 2014 injury. *Id.* at 21, 23.

In November 2015, the parties entered into a settlement agreement in the Circuit Court for Davidson County. The "Joint Petition" states on April 9, 2014, Mr. Mitchell "was involved in an accident, arising out of and in the course of his employment with Randstad." (Ex. 2 at 2.) He sustained "additional aggravations of his injuries on September 23, 2014, and March 12, 2015." *Id.*

The accompanying "Final Decree," under which Randstad paid Mr. Mitchell a lump-sum payment of $25,000, reads: "Said sum is a full, final and complete settlement and discharge of Randstad North America and its insurer from any further liability to Dwight Mitchell for any claimed medical condition or disability under the *Workers' Compensation Law,* by reason of said alleged accident or aggravations." (Ex. 3 at 2.) The decree additionally absolved Randstad of liability for "any and all reasonable and necessary past, present, or future medical expenses which have been or may be incurred by Dwight Mitchell as a result of his claimed injuries." *Id.* Also, the Court found Mr. Mitchell made a knowing and voluntary waiver of any further entitlement to future medical expense provisions of the Workers' Compensation Law. *Id.* Mr. Mitchell testified he read, reviewed and signed the settlement documents. There was nothing in the documents he did not understand "at that time."

Mr. Mitchell filed two Petitions for Benefit Determination seeking benefits

2

relative to the September 23, 2014, and March 12, 2015 injuries. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed Dispute Certification Notices. Randstad moved to dismiss the PBDs asserting a lack of subject matter jurisdiction, which this Court denied.[2] (T.R. 9.) Mr. Mitchell filed Requests for Expedited Hearing, and this Court heard the consolidated matter on June 27, 2016.

At the Expedited Hearing, Mr. Mitchell asserted Dr. Glattes' treatment and diagnoses were mistaken. Mr. Mitchell introduced bone scan and x-ray reports for procedures performed after Dr. Glattes' treatment to substantiate his argument. (Exs. 9 and 10.) Randstad countered the aggravations alleged on September 23, 2014, and March 12, 2015, were encompassed by the November 2015 settlement agreement, so that Mr. Mitchell received all the workers' compensation benefits to which he is entitled along with the lump-sum payment. In addition, Mr. Mitchell's condition is largely degenerative and not work-related.

**Findings of Fact and Conclusions of Law**

When considering whether to grant or deny the relief Mr. Mitchell seeks, the Court applies the following legal principles. Mr. Mitchell, as the employee, bears the burden of proof on all prima facie elements of his workers' compensation claim. Tenn. Code Ann. § 50-6-239(c)(6) (2015); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). Mr. Mitchell need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Rather, at an expedited hearing, Mr. Mitchell has the burden to come forward with sufficient evidence from which the trial court can determine he is likely to prevail at a hearing on the merits. *Id.*

This Court limits its analysis to the injuries alleged to have occurred after July 1, 2014. *See generally* Tenn. Code Ann. § 50-6-101 (2015) and Tenn. Code Ann. 50-6-239 (2015). This court has no jurisdiction to make determinations regarding the work-relatedness of the April 2014 injury or the propriety of the resulting November 2015 settlement agreement. Mr. Mitchell argued Dr. Glattes was mistaken in his findings. Mr. Mitchell's arguments regarding mistake as for the April 2014 injury are better directed to the Circuit Court of Davidson County. As for the post-July 1, 2014 aggravations, the bone scan and x-ray reports Mr. Mitchell relied upon merely document the existence of conditions. They do not offer any explanation regarding their cause nor do they relate

---

[2] Although Randstad did not appeal the ruling regarding this Court's subject matter jurisdiction, it renewed its objection to it in its Expedited Hearing Position Statement. (T.R. 11.) However, Randstad failed to raise the objection at the Expedited Hearing. This Court considers it waived. Likewise, issues checked on the Dispute Certification Notice that were not addressed at the hearing are waived.

them to work. In contrast, Dr. Glattes' opinions are unequivocal that his conditions are degenerative.

With regard to the aggravations at issue before this Court, the Tennessee Supreme Court explained settlement agreements in the workers' compensation context as follows:

> A settlement agreement is merely a contract between the parties to the litigation. . . . As such, the formation, construction, and enforceability of a settlement agreement is governed by local contract law. Under general principles of contract law, a contract must result from a meeting of the minds of the parties in mutual assent to the terms.

*Sweeten v. Trade Envelopes*, 938 S.W.2d 383, 385 (Tenn. 1996) (internal citations omitted). The justices further stated regarding the enforceability of contracts generally:

> This Court has often held that public policy is best served by freedom of contract[.] Tennessee, both in its statutory and case law, recognizes a strong public policy of individual autonomy, i.e. freedom of contract, as courts allow parties to strike their own bargains, absent a supervening legal reason to restrict that economic liberty. The course of development of contract law in Tennessee plainly reflects the public policy allowing competent parties to strike their own bargains.

*Baugh v. Novak*, 340 S.W.3d 372, 383 (Tenn. 2011) (internal citations omitted).

This Court adheres to the state's strong public policy favoring freedom of contract. The Court finds Mr. Mitchell a credible witness and, accordingly, he sustained aggravations of the April 2014 injury on September 23, 2014, and March 12, 2015. By the plain language of the agreement, which he testified he read, reviewed, signed and understood "at that time," Mr. Mitchell expressly acknowledged aggravations of a prior work-related injury on September 23, 2014, and March 12, 2015. He accepted a lump-sum payment as a "full, final and complete settlement and discharge of Randstad North America and its insurer from any further liability to Dwight Mitchell for any claimed medical condition or disability under the Workers' Compensation Law, by reason of said alleged accident *or aggravations.* " (Ex. 3 at 2.) (Emphasis added.)

Therefore, as a matter of law, Mr. Mitchell has not come forward with sufficient evidence from which this Court concludes he is likely to prevail at a hearing on the merits regarding his entitlement to additional workers' compensation benefits. His requests are denied at this time.

4

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Mitchell's claim against Randstad and its workers' compensation carrier for the requested additional medical benefits and temporary disability benefits is denied at this time.

2. This matter is set for an Initial (Scheduling) Hearing on September 6, 2016, at 9:30 a.m. Central time.

**ENTERED this the 1st day of July, 2016.**

**Judge Kenneth Switzer**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Kenneth M. Switzer, Court of Workers' Compensation Claims. You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be

made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

Exhibits:

1. Affidavit of Dwight Mitchell
2. Joint Petition
3. Final Decree
4. Deposition of Christopher Glattes, M.D.
5. Work Comp Status Sheet, Dr. Glattes, March 26, 2015
6. Medical Questionnaire, Dr. Glattes, April 23, 2015
7. Skyline Medical Center Emergency Physician Record, Oct. 31, 2011
8. Final Medical Report, April 9, 2014
9. Skyline Rehab Associates, bone scan report, May 18, 2015
10. Skyline Rehab Associates, x-ray report, May 18, 2015
11. Email from Mr. Mitchell, January 22, 2015

Technical Record: [3]
1. Petition for Benefit Determination, DOI September 23, 2014, filed Nov. 13, 2015
2. Petition for Benefit Determination, DOI March 12, 2015, filed Nov. 13, 2015
3. Employer's Response to Employee's Petition for Benefit Determination, December 16, 2015
4. Dispute Certification Notice, December 28, 2015 (September 23, 2014 injury; includes employer's list of additional issues)
5. Dispute Certification Notice, December 28, 2015 (March 12, 2015 injury; includes employer's list of additional issues)
6. Employee Response to Dispute Certification Notice, December 28, 2015
7. Motion to Dismiss, January 19, 2016
8. Answer to Motion to Dismiss, February 24, 2016
9. Order Denying Motions to Dismiss, March 4, 2016
10. Request for Expedited Hearing, March 18, 2016
11. Employer's Expedited Hearing Position Statement, April 5, 2016
12. Answer to Employer's Expedited Hearing Position Statement, April 22, 2016

---

[3] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Requested Benefits was sent to the following recipients by the following methods of service on this the 1st day of July, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Dwight Mitchell, Self-represented Employee | X | | X | Dwightmitchell1222@yahoo.com; 323 Forest Park Rd. 4-5, Madison TN 37115 |
| Charlie Pierce, Troy Hart, Employer's Counsel | | | | cepierce@mijs.com; wth@mijs.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

8